# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SHAMEKA STOCKDALE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )**CIVIL ACTION NO.** |
| | )**JURY DEMAND** |
| **EBSCO INDUSTRIES d/b/a VULCAN INDUSTRIES,** ) | |
| a corporation, and **ISAAC WILLIAMS,** an individual,) | |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, SHAMEKA STOCKDALE, and files this Complaint to be answered by the Defendants pursuant to the Federal Rules of Civil Procedure.

## I.    JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), and venue is proper pursuant to 28 U.S.C. §1391 (all parties are located within the Northern District of Alabama, and the acts complained of took place in the Northern District of Alabama).

2. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended by the "Civil

Rights Act of 1991", 42 U.S.C. §2000e *et seq*. The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq*. providing for relief against sexual harassment, and retaliation.

3. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of outrage, assault, negligent and/or wanton and malicious training, supervision, and retention, because all such claims arise from a "common nucleus of operative fact."

4. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et seq*.

5. The Plaintiff timely filed her charges of discrimination within 180 days of occurrence of the last discriminatory act. (See Charge of Discrimination attached hereto as Exhibit "A").

6. The Plaintiff timely filed her lawsuit within 90 days of her receipt of her "Right –to-Sue" letter from the EEOC. (The Right to Sue Letter is attached hereto as Exhibit "B").

## II.   PARTIES

7. The Plaintiff, Shameka Stockdale (hereinafter "Stockdale"), is over the age of nineteen, is a citizen of the United States and is a resident of the Northern District of Alabama.

8. The Defendant, EBSCO Industries d/b/a Vulcan Industries (hereinafter "Vulcan") is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, 42 U.S.C. 2000e *et seq.*

9. The Defendant, Vulcan employs at least fifteen (15) persons.

10. The Defendant, Isaac Williams (hereinafter "Williams") is over the age of 19, is a resident in the Northern District of Alabama, and at all material times hereto was one of the lead men employed by the Defendant.

### III. FACTUAL ALLEGATIONS

11. The Plaintiff, Stockdale was working at Vulcan as a temporary employee at all material times to the Complaint.

12. Vulcan maintained control over Stockdale's pay, schedule, job assignments, job placement, assignment of supervisor, Complaint of sexual harassment, discipline, and eventual termination.

13. Stockdale's immediate supervisor was Vulcan employee, Cedrick Vinzant.

14. Stockdale worked on the 3:25 pm shift to the 2:00 a.m. shift in the "large house sale" area.

15. Immediately upon hire, Cedrick Vinzant stated to Stockdale she was assigned to work with him, because Vulcan stopped sending females to work in the

"small house sale" area which was supervised by the defendant, Vulcan employee, Isaac Williams.

16. Cedrick Vinzant further explained that women would quit while working with Isaac Williams.

17. At the time of Cedric Vinzant's statements, Stockdale did not understand the significance and thought Cedrick Vinzant was just making conversation.

18. On July 22, 2016, Isaac Williams came over to Stockdale's area and told her he needed to discuss a "safety issue".

19. It was near Stockdale's break time, so he walked her outside and drove her across the street to a gas station.

20. Stockdale told Isaac Williams not to go across the street to the gas station, however he said he was "lead man", and refused to take her back.

21. Isaac Williams sexually assaulted/battered Stockdale, without her consent, two times.

22. During the incidents Stockdale fought him, tried to break free, was crying and telling him to stop, while he overpowered her, pinned her arms, pulled her hair, rendering her unable to get out of the car.

23. He eventually let Stockdale go, stating "fuck you, you ain't shit anyway".

24. After this incident, co-worker, Roderick Bender told Stockdale 6-8 females have already quit because of Isaac Williams.

25. After this incident, co-worker, Jessica Madison, told Stockdale she was not the only female he treated this way.

26. On July 27, 2016, Stockdale met with Vulcan employee, Dana Hale in Human Resources regarding the incidents.

27. Dana Hale told Stockdale she would receive her statement, but told her she was fired her for "stealing time" for going with Isaac Williams.

28. After Dana Hale told Stockdale she was fired for stealing time, she stated she saw what happened on video and asked Stockdale if she was a willing participant.

29. Stockdale explained to Dana Hale she was not a willing participant.

30. Stockdale was crying, shaking and scared as she wrote out her statement.

31. Isaac Williams was terminated upon information and belief.

32. Cedrick Vinzant called Stockdale the day HR told her she was fired, and said Isaac Williams had been in situations like this before, and he felt like it was his fault.

33. On July 27, 2016, Christopher Willis called Stockdale and told her she still had a job.

34. On July 28, 2016, HR sent Darryl Walker Workforce an email and asked if Stockdale was going to come back.

35. Stockdale did go back to work.

36. Between July 22, 2016 and August 25, 2016, Cedrick Vinzant told Stockdale numerous times he felt like it was his fault, because he had saved Isaac Williams from past situations and couldn't do nothing for him this time.

37. On August 25, 2016, Stockdale was terminated.

## VI. CLAIMS

### COUNT I-SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT (against the Defendant, Vulcan)

38. The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 1-37 as if fully set out herein.

39. The Plaintiff, Stockdale, was subjected to both offensive acts and statements directed at her by a supervisor, Isaac Williams per paragraphs 18-23.

40. The nature of the comments made and actions of Isaac Williams was severe.

41. Stockdale did not welcome the offensive acts and statements made by Isaac Williams, and she tried to fight him off of her.

42. The offensive acts and statements were so severe and pervasive that they materially altered the terms and conditions of her employment: Stockdale was initially terminated, then reinstated, and terminated again.

43. A reasonable person would have found the offensive acts or statements materially altered the terms and conditions of her employment and work performance.

44. The sexual harassment contained in paragraphs 18-23 and the fact Isaac Williams behavior toward women was well known, but he was not previously terminated, as stated in paragraphs 15-16. 24-30, 32, 36, created a hostile work environment.

45. As a proximate cause and cause-in-fact of said harmful or offensive sexual harassment by a supervisor, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

## COUNT II- DISCRIMINATORY DISCHARGE/CONSTRUCTIVE DISCHARGE (against the Defendant, Vulcan)

46. The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 1-45 as if fully set out herein.

47. Stockdale was subjected to intolerable and illegal comments and acts rising to the level of a hostile work environment contained in paragraphs 18-23.

48. Stockdale was terminated based on her gender and her complaints of sexual harassment.

49. In the alternative, Stockdale's working conditions became so intolerable that a reasonable person in Stockdale's position would have felt compelled to resign.

50. As a proximate cause and cause-in-fact of said harmful or offensive sexual harassment by a supervisor/lead, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

## COUNT III-OUTRAGE
### (against the Defendants, VULCAN and WILLIAMS)

51. The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 1-50 as if fully set out herein.

50. The conduct of Isaac Williams, stated in paragraphs 18-23, was extreme and outrageous and was beyond the bounds of normal decency.

51. The Defendant, Vulcan, knew or should have known of said conduct; yet failed to take appropriate actions to stop the harassment.

51. Defendant Isaac Williams was the agent of Defendant Vulcan, and/or Vulcan ratified his conduct by having knowledge of his prior behavior toward women, by not terminating him for prior behavior toward women, and/or for terminating Stockdale for his conduct.

52. As a proximate cause and cause-in-fact of said harmful or offensive sexual harassment by a supervisor/lead, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

### COUNT IV- NEGLIGENT SUPERVISION AND RETENTION/FAILURE TO WARN (against the Defendant, Vulcan)

53. Plaintiff adopts and re-alleges paragraphs 1-52 above, as if set out in full herein.

54. The Defendant Vulcan was negligent in supervising and retaining Isaac Williams in that they knew, or in the exercise of reasonable care should have known, that Isaac Williams was engaging in sexual harassment against women, and eventually the Plaintiff as described in paragraphs 18-23.

55. The Defendant Vulcan was negligent in failing to warn the Plaintiff Stockdale of Isaac Williams actual behavior toward women, that he was dangerous, that she should never be alone with him, and that she did not have to discuss work matters with him or follow his orders because he was the lead in a different area.

56. The Defendant, in breach of their duties and obligations concerning the matters alleged in this Complaint, negligently:

   a. Failed to take any corrective actions to stop Isaac Williams from sexually harassing women, and eventually, the Plaintiff;

   b. Failed to terminate Isaac Williams for his prior improper conduct;

   c. Failed to otherwise act with due care;

   d. Failed to warn Stockdale of the dangerous propensities of Isaac Williams, that she should never be alone with him, and that she did not have to discuss work matters with him even though he was a lead.

57. As a proximate cause and cause-in-fact of said negligence, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

## COUNT V -WANTON SUPERVISION AND RETENTION/FAILURE TO WARN (against the Defendant, Vulcan)

58. Plaintiff adopts and re-alleges paragraphs 1-57 above, as if set out in full herein.

59. The Defendant Vulcan was wanton in supervising and retaining Isaac Williams in that they knew or, in the exercise of reasonable care, should have known, that Isaac Williams was engaging in sexual harassment against women, and eventually, the Plaintiff as described in paragraphs 18-23.

60. The Defendants and other employees knew or, in the exercise of reasonable care, should have known, that if the complaints of sexual harassment were not investigated, supervised, and stopped, that said Defendant(s) would continue to engage in devious sexual activities.

61. In addition, the Defendants, in breach of their duties and obligations concerning the matters alleged in this Complaint, wantonly:

   a. Failed to take any corrective actions to stop Isaac Williams from sexually harassing women and eventually, the Plaintiff;

   b. Failed to terminate Isaac Williams for his improper conduct;

   c. Failed to otherwise act with due care;

   d. Failed to warn Stockdale of the dangerous propensities of Isaac Williams, that she should never be alone with him, and that she did not have to discuss work matters with him even though he was a lead.

62. As a proximate cause and cause-in-fact of said harmful or offensive sexual harassment by a supervisor/lead, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

**COUNT VI -RETALIATION**
**(against the Defendants Vulcan)**

63. Plaintiff adopts and re-alleges paragraphs 1-62, above, as if set out in full herein.

64. The Defendant Vulcan retaliated against Stockdale for her complaints of Isaac Williams's sexual assault by terminating her twice.

65. As a proximate cause and cause-in-fact of said retaliation, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying stress, emotional distress, pain, suffering, termination, and loss of wages, lost benefits, lost retirement, and retaliation.

## COUNT VII-ASSAULT AND BATTERY
**(against the Defendants Isaac Williams and Vulcan)**

66. Plaintiff adopts and re-alleges paragraphs 1-65, above, as if set out in full herein.

67. Due to Isaac William's conduct stated in paragraphs 18-23, Stockdale was in fear of imminent battery, and battered.

68. Isaac Williams had intent to offensively touch Stockdale.

69. Isaac Williams offensively touched Stockdale.

70. Isaac Williams was the agent of Defendant Vulcan and/or they ratified his conduct.

71. As a proximate cause and cause-in-fact of said harmful or offensive assault and battery by a supervisor/lead, Stockdale was caused to suffer the following injuries and damages: fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, termination, loss of wages, lost benefits, lost retirement, and retaliation.

## V. DAMAGES

72. The plaintiff has suffered fear, depression, shame, humiliation, embarrassment, loss of sleep, crying, stress, emotional distress, pain, suffering, and termination, loss of wages, lost benefits, lost retirement, and retaliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Enter an Order requiring the defendant to make the plaintiff whole by awarding her compensatory and punitive damages including, but not limited to: lost wages ( back and future plus interest), out of pocket expenses, emotional distress,

loss of benefits, including retirement, pension, seniority, and other benefits of employment.

2. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully Submitted,

/s/ Patricia A. Gill
Patricia A. Gill
GIL047
Attorney for Plaintiff

OF COUNSEL:
PATRICIA A. GILL, P.C.
PO Box 55304
Birmingham, AL 35255
Phone : (205) 307-9555
Facsimile: (205) 930-9800
E-Mail: patriciagill@yahoo.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

EBSCO Industries d/b/a Vulcan Industries
Care of Registered Agent David J. Walker
5724 Highway 280 East
Birmingham, AL 35242

Isaac Williams